# IN THE UNITED STATES DISRTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT SKALSKI, | ) |
| Plaintiff, | ) |
| v. | ) Case Number: |
| THE CITY OF CHICAGO | ) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices based on religious discrimination and provide appropriate relief to Plaintiff. As alleged with greater particularity below, Defendant violated Title VII when it discriminated against Skalski by refusing to accommodate his sincerely held religious belief in a timely manner and causing plaintiff damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42

1

U.S.C.§ 2000e-5(f)(1) and (3) (Title VII), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the state of Illinois and within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. Plaintiff, Robert Skalski is a resident of Chicago, Illinois.

4. At all relevant times, Defendant the City of Chicago has continuously been doing business in the State of Illinois and the City of Chicago and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6. At all relevant times, Defendant has been a covered entity under Title VII.

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Skalski filed a charge with the EEOC alleging violations of Title VII by Defendant.

8. On July 28, 2023, the Commission issued to Defendant a Letter of Determination and a right to sue letter.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since at least October 15, 2021, Defendant has engaged in unlawful employment practices in violation of sections 701(j) and 703(a) of Title VII, 42 U.S.C. §§ 2000e(j) and 2000e-2(a).

11. Plaintiff has been promoted to Engineer Paramedic for the Chicago Fire Department. Since then, Plaintiff has been promoted to Lieutenant.

12. Plaintiff is a Christian – Catholic who maintains sincerely held religious beliefs that human life is sacred; human life is a gift from God; and abortion is gravely wrong and contrary to the commandments and teachings of the Christian Bible.

13. In August 2021, Defendant implemented a COVID-19 vaccination policy that required employees to be vaccinated. The original arbitrary and discriminatory policy is no longer in place.

14. As a result, and extension of his sincerely held religious beliefs described above, Skalski is unable, in good conscience, to receive certain vaccines, including but not limited to COVID-19 vaccines, that were developed or tested using cell lines derived from aborted fetuses.

15. Upon receiving the notifications directing him to receive the COVID-19 vaccination, Plaintiff was directed to file a religious accommodation request asking for a vaccine exemption.

16. On October 13 and 14, 2021, Skalski submitted religious exemption requests, in which he sought an exemption from receiving a COVID-19 vaccine on the

grounds that COVID-19 vaccines were developed and/or tested using cell lines derived from aborted fetuses and receiving such a vaccine would violate Plaintiff's sincerely held religious beliefs, including his beliefs regarding the sanctity of human life. (Two separate requests were in play throughout. The one linked to Right of Conscious Act was never acknowledged).

17. On November 2, 2021, Defendant claims that they asked for additional information particularly a form that required the signature of a spiritual leader.

18. Plaintiff attempted to continue dialogue on November 8, 2023. On November 24, 2021, Notwithstanding Plaintiff sending in the additional information "After receiving your request for a religious exemption from the City of Chicago's COVID-19 Vaccination Policy, we requested additional information to support your request. Because you failed to provide the information required, your request for a religious exemption is denied." Defendant denied Plaintiffs request for accommodation citing a failure to provide the required information.

19. On January 4, 2022 Plaintiff filed a complaint with the EEOC.

20. On February 22th 2022 after months of discrimination, the Plaintiff was told he had now been granted the exemption. Plaintiff was put under tremendous stress, coercion, and questioning of his faith

21. Throughout the process Plaintiff inquired if there was any particular information, he was missing that needed to be submitted and he received no

4

response. The process was not interactive, Plaintiff was left with more questions than answers. The Process was not uniform for all.

22. The city never explained what information was missing. They did request, at times, but didn't listen to Plaintiff's responses. They did not engage in dialogue/continue an interactive process. For example, Plaintiff was asked to explain information contained on one exemption request that was not included on the other exemption request. The request linked to The Act was different than the request that was rooted in objection to fetal cell use.

23. After November Defendant did not contact Plaintiff about his request or ask for any additional information while his request was pending.

24. Defendant failed to provide Plaintiff with an explanation as to why his religious accommodation requests were denied, or why only those with a signature from a third party were considered sincerely held religious beliefs.

25. Skalski did not get the COVID-19 vaccine because to do so would violate his sincerely held religious beliefs.

26. Defendant has used the lack of signature as a pretext to discriminate against Skalski and put him through severe emotional distress and attorney fees all due to Defendant's reckless disregard and discrimination.

27. Defendant engaged in unlawful employment practices in violation of sections 701(j) and 703(a) of Title VII, 42 U.S.C. §§ 2000e(j) and 2000e-2(a). Specifically, Defendant failed or refused to provide Skalski with a reasonable

accommodation of his sincerely held religious beliefs for over four months, making him go through severe stress and emotional distress.

28. Skalski is a Christian who believes the use of vaccines developed and/or tested using cell lines derived from aborted fetuses violates the commandments and teachings of his religion.

29. Defendant's requirement that Skalski receive the COVID-19 vaccination conflicted with Skalski's sincerely held religious beliefs.

30. Defendant knew that Skalski's religious beliefs conflicted with its requirement that he receive the COVID-19 vaccine.

31. Defendant took adverse employment action against Skalski because he failed to comply with its requirement that he receive the vaccine. Defendant forced Plaintiff to fill out a so-called Follow up form which restricted his rights and changed the terms and conditions of his employment due to his religious beliefs. **SEE EXHIBIT A.**

32. The effect of the practices complained of has been to deprive Skalski of equal employment opportunities and otherwise adversely affect his status as an employee because of his religious beliefs.

33. The unlawful employment practices complained of in the paragraphs above were and are intentional.

34. The unlawful employment practices complained of in the paragraphs above were done with malice or with reckless indifference to the federally protected rights of Skalski.

35. Therefore, Plaintiff seeks for this court to uphold his constitutional rights and sues pursuant to his right to sue letter. SEE EXHIBIT B.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from discriminating against persons on the basis of their religion, including by failing to accommodate such persons' sincerely held religious beliefs.

B. Order Defendant to promulgate and carry out policies, practices, and programs which provide equal employment opportunities to persons protected by Title VII and that eradicate the effects of its past and present unlawful employment practices, including discrimination and retaliation.

C. Order Defendant to make Plaintiff whole by providing him appropriate affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the expenses he incurred pursuing his claim and hiring an attorney for the city to finally grant his exemption.

D. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful

employment practices complained of above in amounts to be determined at trial.

E. Order Defendant to make Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Plaintiff punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the court deems necessary and proper in the public interest.

H. Award Plaintiff Attorney fees.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by its complaint.

DATED: October 25, 2023,　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　By　　　/s/ Frank Avila

Frank Avila
7132 N. Harlem Suite 107
Chicago, Illinois 60631
FrankAvilaLaw@GMail.com
773-671-3480